[Crim. No. 13208. Second Dist., Div. Two. Apr. 2, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. RONALD E. BROWN, Defendant and Appellant.

---

"THE COURT: You want it read again?

"THE FOREMAN: Yes. Well, it seems to be a crucial thing.

"THE COURT: All right.

"(Record reread by the reporter.)

"THE COURT: Tell me when you want him to stop.

"THE FOREMAN: Continue on for just a little more.

"THE COURT: All right. You raise your hand when you want him to stop, because I don't know what you have in mind.

"(Continuation of reading the record by the reporter.)

"THE COURT: Thank you, Mr. Werther. Apparently that's all we want.

"You may resume your deliberations, ladies and gentlemen."

Ronald E. Brown, in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the "judgment," i.e., order granting probation (Pen. Code, § 1237), entered on December 22, 1965, and based upon his June 17, 1963 plea of guilty to the crime of possessing heroin in violation of section 11500 of the Health and Safety Code. ▮ A certificate of probable cause for appeal (Pen. Code, § 1237.5) has been filed although insofar as defendant "is not attempting to challenge the validity of his plea of guilty but is asserting only that errors occurred in the subsequent adversary

hearings conducted by the trial court,'' compliance with section 1237.5 is not required. (*People* v. *Ward*, 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881]; *People* v. *Coley*, 257 Cal.App.2d 787, 793 [65 Cal.Rptr. 559].)

 Defendant's primary contention on this appeal is that the court erred in refusing to grant his motion to dismiss based upon the prosecution's noncompliance with Penal Code, section 1381.5.[1] Since the ruling on this motion was made prior to the order granting probation, it is not directly appealable and the normal record on appeal does not include the moving papers, affidavits and exhibits offered in support thereof. (Cal. Rules of Court, rule 33.) Of course, if defendant's motion had been granted and the People had appealed (Pen. Code, § 1238), such material would be a part of the normal record. (Cal. Rules of Court, rule 34.) Therefore, in the interests of justice and to permit an intelligible review of defendant's principal contention on this appeal, we have augmented the record on our own motion by ordering the original superior court file to be transmitted to this court for review. (Cal. Rules of Court, rule 12(a).)

The facts as revealed by this augmented record are not in dispute. It appears therefrom that in 1963, appellant was free on bail pending the determination of the instant proceeding and another prosecution for a narcotic violation pending against him in the federal courts. He entered pleas of guilty

---

[1]Section 1381.5 of the Penal Code provides: ''Whenever a defendant has been convicted of a crime and has entered upon a term of imprisonment therefor in a federal correctional institution, and at the time of entry upon such term of imprisonment or at any time during such term of imprisonment there is pending in any court of this State any indictment, information, or complaint charging such defendant with the commission of a crime, it is mandatory that the district attorney of the county in which such charge is pending, upon receiving from such defendant a request that he be brought to trial on such charge, promptly inquire of the warden or other head of the federal correctional institution in which such defendant is confined whether and when such defendant can be released for trial. If an assent from authorized federal authorities for release of the defendant for trial is received by the district attorney he shall bring him to trial within 90 days after receipt of such assent, unless the federal authorities specify a date of release after 90 days, in which event the district attorney shall bring the prisoner to trial at such specified time, or unless the defendant requests, in open court, and receives, or, in open court, consents to, a continuance, in which event he may be brought to trial within 90 days from such request or consent.

''If an action is not brought to trial as provided by this section, the court in which the charge is pending shall, on motion or suggestion of the district attorney, or representative of the United States, or the defendant or his counsel, dismiss the charge.''

in both actions. However, by reason of his receiving a sentence of six years imprisonment in the federal proceeding on July 22, 1963, he was unable to appear at his scheduled August 6, 1963 probation and sentence hearing in the instant action. A bench warrant was issued on this date which indicated on its face that it was known that appellant was in ''Custody Federal Officers, San Diego, Calif. (Sentenced 6 years in prison in Federal Court, San Diego.)''

Although defendant's probation and sentence hearing was continued to August 20, 1963, apparently no steps were taken to secure his attendance. The probation report filed August 1, 1963, also confirmed that appellant was in custody of the federal authorities by reason of the sentence previously imposed July 22, 1963.

On August 20, 1963, an order was made providing: ''Probation and sentence is subject to being restored to the calendar upon service of the Bench Warrant.'' On September 20, 1963, on motion of the surety the bail forfeiture of August 6, 1963, was vacated and it was ordered that ''Bail is reinstated and exonerated.'' The surety's motion was supported by a communication from the Administrative Assistant of the Classification Department of the United States Penitentiary at McNeil Island, Steilacoom, Washington, stating that defendant had been received at that institution ''on August 4, 1963 to serve a sentence of 6 years for violating Narcotic laws. His scheduled release date is December 20, 1967.''

Defendant asserts in each of his various moving papers that as early as July 1963, immediately following the imposition of his federal sentence, he requested the district attorney to cause him to be returned to the state court to permit the completion of his trial in the instant action. However, there is no direct proof of such request or requests in the superior court file. Although the district attorney has not denied these allegations, we may assume that the trial court in ruling upon defendant's final motion to dismiss elected not to give credence thereto.

However, there can be no doubt that as early as February 1965, defendant did communicate with the district attorney seeking a disposition of the instant action so that the warrant lodged against him with the federal authorities might be removed. The district attorney's office acknowledged and responded to this letter on March 18, 1965, stating in part:

"The purpose for which our warrant is lodged is to assure us that we will be notified by the authorities there of your release date. *The question of whether or not to start extradition proceedings is determined by the District Attorney only at the time this office is advised by the detaining authorities that within thirty days of said notice, you will be available for return to this jurisdiction.*

*"Having received no notice from such authorities relative to your impending release date, we are unable to comply with your request.* However, your letter will be placed in the District Attorney's file, with the complaint, and, at the proper time, such consideration as is justified will be accorded it." (Italics added.)

On June 15, 1965, defendant again wrote the district attorney stating in part: "Pursuant with California Penal Code 1381.5, I requested, in writing to your Office, for a final disposition of the matter. This request was submitted on February 1, 1965. Your office acknowledged receipt, but refused to expedite this request, pending termination of my Federal sentence. I am once again herein requesting that this letter be treated as a formal application to dismiss charges in People vs. Ronald E. Brown, D.A. No. 333770, Superior Court, City and County of Los Angeles. Petitioner contends that he falls under the provisions of California Penal Code 1381.5, which states: [section quoted in full]. It is my fervent hope and prayer that this Office will initiate proceedings in accordance with the provisions as stated in (P. C. 1381.5)."

The record does not indicate whether this second communication was ever acknowledged but it is clear that no action was taken thereon. At or about the same date defendant apparently communicated directly with the superior court seeking compliance with section 1381.5. Having received no response from either source, appellant wrote the clerk of the superior court on August 3, 1965, requesting notice of what action had been taken thereon. The record herein contains a copy of a reply to defendant by the clerk of the court which states:

"In re: Your letter dated August 3, 1965. Your document has been placed in the file without further action. . . . You are further advised as follows: Your petition to dismiss under 1381.5 Penal Code. No action was taken. Dept. 103 7/29/65."

In September 1965, defendant prepared a formal petition

seeking compliance with section 1381.5. A minute order dated October 1, 1965 states: "Defendant's petition re 1381.5 Penal Code is acknowledged and ordered filed. No action taken. Defendant is to be notified of the Court action by the Los Angeles County Clerk's Office."

However, on October 11, 1965, approximately nine months after his verifiable first request for compliance with section 1381.5, defendant was notified by the district attorney's office "that we have today requested the federal authorities *to transfer you to a federal correctional institution in California* in order that we may bring you to trial on the charges now pending against you." (Italics added.) Manifestly, such request does not constitute compliance with section 1381.5 since its provisions are not limited to persons being held in federal correctional institutions located in California. Therefore, defendant filed a "Motion to Dismiss for Want of Prosecution" dated November 19, 1965, and based upon the prosecution's repeated failure to comply with the mandatory provisions of section 1381.5.

On December 8, 1965, the district attorney petitioned for a Writ of Habeas Corpus *Ad Prosequendum* which was issued on the following day. On December 22, 1965, the date specified in the writ, defendant appeared in the court below. His motion to dismiss was denied and the order granting probation was made. The present appeal is taken therefrom.

Somewhat paradoxically, although the district attorney did not oppose defendant's motion and the trial court indicated it felt that section 1381.5 applied, it denied appellant's motion after having stated: "Why don't you pose the question to one of the appellate courts and let them discuss it?" The motion should have been granted.

As expressly stated in *Barker* v. *Municipal Court,* 64 Cal.2d 806, 812 [51 Cal.Rptr. 921, 415 P.2d 809], and *Zimmerman* v. *Superior Court,* 248 Cal.App.2d 56, 62 [56 Cal.Rptr. 226], cases which dismissed prosecutions on constitutional due process grounds although the defendants therein did not come within any of the statutory enactments in the field, in instances where section 1381.5 is applicable the defendant is "entitled to dismissal of the charges under its provisions."

Although in certain contexts the expression "brought to trial" might possibly encompass only that portion of the criminal proceeding which results in a determination of the

accused's guilt or innocence, it is clear that as used in section 1381.5 it includes the entry of a judgment or other final, appealable order. The imposition of sentence is an essential part of the speedy trial guaranteed to all accused. (Cf. Pen. Code, § 1191.) As stated in *Barker* v. *Municipal Court, supra,* 64 Cal.2d at page 813:

"The guarantee of a speedy trial 'serves a three-fold purpose. It protects the accused . . . against prolonged imprisonment; . . .

"The foregoing purposes are equally served with respect to one already imprisoned for another crime. Even the purpose of preventing undue imprisonment is of some concern to a California prisoner, because if he is promptly convicted of an additional offense he may be sentenced to serve a term of imprisonment *concurrently with the term already imposed* (Pen. Code, § 669); if a defendant is brought to trial only after his sentence on another charge has been completed, the possibility of concurrent sentences is denied him." (Cf. also *In re Altstatt,* 227 Cal.App.2d 305, 306-307 [38 Cal.Rptr. 616], discussing concurrent state and federal sentences.)

Further, it cannot reasonably be argued that the duty imposed upon the district attorney by section 1381.5 is discretionary since the terms of the section itself makes it "mandatory." Neither can it be contended that a delay of 10 or 11 months in seeking the release of an accused following his request therefor is the "prompt" inquiry required by this section.

Similarly, section 1381.5 grants no discretion to the trial court in applying it to cases falling within its provisions. It expressly states: "If an action is not brought to trial as provided by this section, the court in which the charge is pending *shall,* on motion or suggestion of the district attorney, or representative of the United States, or the defendant or his counsel, dismiss the charge." (Italics added.)

Lastly, relief could not be denied in the instant case because the several motions and petitions of defendant were "awkwardly worded." Their intent was explicit and section 1381.5 provides that dismissal *shall* occur in all cases in which the district attorney has failed to comply with its terms upon the mere "*suggestion* of . . . the defendant."

The order granting probation is reversed and the cause remanded to the superior court with instructions to dismiss the charge as required by section 1381.5.

Roth, P. J., and Fleming, J., concurred.