[Civ. No. 42629. Second Dist., Div. Five. Dec. 13, 1973.]

RICHARD RUDMAN, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Richard Rudman, in pro. per., and Clifford Douglas, under appointment by the Court of Appeal, for Petitioner.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, Oretta D. Sears and Gary P. Ryan, Deputy District Attorneys, for Respondent.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, and James D. Madison, Deputy Attorney General, for Real Party in Interest.

## OPINION

**HASTINGS, J.**—Rudman is presently confined in the California State Prison at Soledad under a sentence imposed by the Los Angeles Superior Court following a conviction for violating Health and Safety Code section 11911 and is subject to a detainer based upon a violation of a probation order of respondent Superior Court of Orange County. In July 1973, Rud-

man petitioned the California Supreme Court for a writ of prohibition or mandate to compel the Orange County Superior Court to quash the arrest warrant issued for an asserted violation of probation in Los Angeles Superior Court case No. A 007570, to release the detainer which has been placed upon him, and to stay all further proceedings regarding his probation in this matter. (Orange County Superior Ct. No. C-24851.) Said petition was made pursuant to section 1381 of the Penal Code, which provides in pertinent part as follows: "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony or misdemeanor and has been sentenced to and has entered upon a term of imprisonment in a state prison . . . for a period of more than 90 days . . . and at the time of the entry upon such term of imprisonment . . . there is pending, in any court of this state, . . . *any criminal proceeding wherein the defendant remains to be sentenced,* the district attorney of the county in which such matters are pending shall bring the same defendant to trial or *for sentencing* within 90 days after such person shall have delivered to said district attorney written notice of the place of his imprisonment . . . and his desire to be brought to trial or *for sentencing* unless a continuance beyond said 90 days is requested or consented to by such person, in open court, and such request or consent entered upon the minutes of the court in which event the 90-day period herein provided for shall commence to run anew from the date to which such consent or request continued the trial or sentencing. In the event that the defendant is not brought to trial or for sentencing within the 90 days as herein provided the court in which such charge or sentencing is pending must, on motion or suggestion of the district attorney, or of the defendant or person . . . committed to the custody of the Director of Corrections or his counsel, . . . or on its own motion, dismiss such action. . . . The sheriff, custodian or jailer shall endorse upon the written notice of defendant's desire to be brought to trial or for sentencing the cause of commitment, the date of commitment and the date of release." (Italics added.)

The California Supreme Court granted a hearing and ordered the matter transferred to this court to be heard in conjunction with the pending appeal in Los Angeles Superior Court case No. A 007570.

On August 26, 1970, Rudman entered a plea of guilty to the crime of receiving stolen property (Pen. Code, § 496) as charged in count II of the information in Los Angeles Superior Court case No. A 007570. On September 21, 1970, the proceedings were suspended without imposition of sentence, and Rudman was placed on probation for a period of three years, one of the conditions thereof being that he spend the first 90 days, less 75 days' credit, in the county jail. In December 1970, jurisdiction of

Rudman's probation was transferred to the Superior Court of Orange County, pursuant to Penal Code section 1203.9. (Orange County Superior Ct. No. C-24851.)

On September 14, 1971, the Orange County probation officer reported to respondent court that Rudman had violated his probation by (1) "being convicted on 3-9-71 . . . of 7300.1 of Long Beach Muni. Code . . ."; (2) "Being arrested on 6-30-71 in Long Beach for possession of dangerous drugs for sale; being processed in Los Angeles County Superior Court (case #A-011193); set for trial 9-23-71"; and (3) "Failing to keep Probation Officer apprised of place of residence; failing to report at required intervals; present whereabouts unknown." Respondent revoked probation ex parte and issued its bench warrant for his arrest as a probation violator.

On October 1, 1971, Rudman, represented by counsel, appeared in Orange County Superior Court and was arraigned on the violation of probation, and the bench warrant was ordered withdrawn. A hearing was set for October 27, 1971, at which time neither Rudman nor his counsel appeared. The hearing was continued until November 3, 1971, and, later, to December 1, 1971.

According to Rudman's petition, on November 23, 1971, he was arrested in Long Beach and has remained incarcerated since that date.

On December 1, since neither Rudman nor his counsel appeared at the probation violation hearing, a bench warrant was again issued and ordered held until December 15, 1971, at which time he was found in contempt of court for failure to appear, and the warrant was ordered to go forth.

In March 1972, the Orange County Sheriff lodged the outstanding warrant with the prison at Chino as a detainer. On March 28, 1972, Rudman notified the Orange County Superior Court and District Attorney that he was at Chino and that a warrant had been issued for failure to appear in the Orange County Superior Court, case number C-24851. He also demanded that he be brought to trial on this matter under Penal Code section 1381, or that the action be dismissed after 90 days.

On April 10, 1972, Rudman forwarded to the Orange County Superior Court and District Attorney a "Notice of Commitment and a Demand for Trial," in which he stated that "on or about April 6, 1972 a 'HOLD' or notice of criminal action pending against me in your County was filed with the Associate Superintendent of this institution [Chino]. I hereby demand a hearing and trial of said criminal action as provided by Section 1381 of the Penal Code of the State of California. . . . Warrant No. C-24851 . . . Charge violation of probation . . ." After receiving no reply, on

May 11, 1972, this demand was repeated. On May 21, 1972, Rudman was transferred to Soledad.

By letter dated July 24, 1972, the district attorney acknowledged Rudman's demand for trial and advised Rudman that he considered his probation revoked and that, if the bench warrant remained outstanding, Rudman would, upon his release from prison for violation of the Health and Safety Code section, be returned to Orange County for further proceedings as to whether or not he had violated the terms of his probation.

On March 26, 1973, respondent superior court denied Rudman's motion to dismiss the Orange County criminal action. Rudman's petition followed.

It is argued that Rudman should have followed the procedure set forth in Penal Code section 1203.2a, whereby one committed to prison can obtain relief from the uncertainty of other outstanding convictions as to which he has been granted probation with imposition or execution of sentence suspended. As to a prisoner who has been granted probation without imposition of sentence, 1203.2a provides:

"If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have jurisdiction to impose sentence . . . in the absence of the defendant, on the request of the defendant made through his counsel, or by himself in writing, if such writing is signed in the presence of the warden . . . and such warden . . . attests both that the defendant has made and signed such request and that he states that he wishes the court to impose sentence in the case in which he was released on probation, in his absence and without his being represented by counsel.

". . . [T]he court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted and if the defendant is then in a state prison for an offense committed subsequent to the one upon which he has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense, unless the court shall order that the sentence for

the prior offense shall commence upon termination of the sentence for said subsequent offense."

However, Penal Code section 1381 provides that whenever a defendant is confined in a state institution and has other charges outstanding against him, he can demand a prompt hearing on those other charges. In 1971, this section was amended to insure speedy sentencing by including those situations in which a defendant has been sentenced and convicted on one charge but has a sentence pending on unrelated charges. Under this statute, as amended, a defendant has a statutory right to be sentenced on the remaining charges within 90 days of giving appropriate notice to the district attorney. (See Assembly Committee on Criminal Justice, (1971 Reg. Sess.,) New Statutes Affecting the Criminal Law, 49; 3 Pacific L.J. 319, 325; Witkin, Cal. Criminal Procedure (1973 Supp.) Judgment and Attack in Trial Court, § 614, p. 498.)

Contrary to that which is asserted, section 1381 does not conflict with section 1203.2a. ▮ "The fundamental test as to whether statutes are in conflict with each other is the legislative intent. If it appears that the statutes were designed for different purposes, they are not irreconcilable, and may stand together." (*People* v. *Lustman,* 13 Cal.App.3d 278, 288 [91 Cal.Rptr. 548].) It is true that both sections contemplate speedy sentencing. ▮ However, a defendant now has the option as to which procedure he wishes to follow. Under section 1381, he may demand sentencing at which he may appear and defend, in person and with counsel. Under the provisions of section 1203.2a, he may choose to waive his right to be present and represented by counsel and allow the court to impose sentence in his absence and without his being represented by counsel.

In the present case, Rudman chose to invoke the processes of section 1381. He forwarded written notice to the district attorney of his place of imprisonment and of his desire to have a hearing with regard to the warrant for his arrest and violation of probation. No action was taken until June 28, 1972, at which time the district attorney's office advised Rudman of the provisions of section 1203.2a. Later, on July 24, the district attorney again advised Rudman of 1203.2a and acknowledged his demand for trial on the bench warrant. Since Rudman was not given a hearing under section 1381 within 90 days of his demand and he did not consent to any delay, the violation of probation hearing must be dismissed.

It is ordered that a writ of mandate be issued compelling respondent superior court to quash the arrest warrant issued and released December 15, 1971, to release the detainer upon Rudman, and to set aside its order

revoking probation signed September 14, 1971, and filed September 15, 1971, in Orange County Superior Court number C-24851.

Kaus, P. J., and Stephens, J., concurred.