[No. C001568. Third Dist. Oct. 13, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
CHESTER ELLSWORTH JOHNSON, Defendant and Appellant.

COUNSEL

Alisa M. Weisman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Roger E. Venturi and Alison Aleman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

HARVEY, J.* —This is an appeal from an order made upon a petition to revoke probation. In the probation revocation proceedings, the court imposed a sentence of two years in State prison, stayed execution thereof, restored defendant to probation, and imposed an additional probationary disciplinary term consisting of the time that the defendant had been in custody awaiting disposition of the petition to revoke probation. Thereafter, the court denied a motion to dismiss the probation revocation proceedings, terminate probation, and vacate the sentence imposed.

■■■■ Defendant contends that the court had no authority to make any order on the probation revocation petition because the requirements of Penal Code sections 1203.2a and 1381 were not met.

Defendant was convicted of violating Penal Code section 487a, subdivision (b). Imposition of sentence was suspended and defendant was placed on probation on August 27, 1984. On July 2, 1985, a petition for revocation of probation was filed by the probation officer alleging that, on or about May 13, 1985, the probationer was sentenced to state prison in the State of Michigan. ■■■■■ A warrant[1] was issued the same day, but the warrant was not served until June 25, 1986. No effort was made to notify the defendant in the meantime that the probation revocation petition was pending.

Upon defendant's appearance in 1986, he admitted the probation violation and a sentence of two years in state prison was imposed. The court then stayed execution of that sentence and restored the defendant to probation requiring that he serve an additional disciplinary term consisting of the time

---

*Assigned by the Chairperson of the Judicial Council.

[1]The warrant is incorrectly called a bench warrant. A bench warrant is authorized only when a defendant fails to appear in court when required to do so. (Pen. Code, §§ 978.5, 1196.) A warrant issued on an affidavit describing events out of court is an arrest warrant.

that he had been in custody pending disposition of the probation revocation petition. The court then denied defendant's motion to dismiss the probation revocation proceedings.

██ Penal Code section 1203.2a prescribes the procedure to be followed by a court that grants probation when the probationer is committed to a prison in this state for a new offense. On constitutional grounds, the statute applies to probationers who are confined in out-of-state prisons as well. (*Hayes* v. *Superior Court* (1971) 6 Cal.3d 216 [98 Cal.Rptr. 449, 490 P.2d 1137].)

The probation officer is required to notify the court of the probationer's new commitment within 30 days after the probation officer has been notified of the commitment in the manner described in the statute. The probation officer *may* notify the court if he learns of the commitment by other means. Where the probationer was previously sentenced, execution stayed, and probation granted, the court must then make an order of commitment or other order terminating its jurisdiction within 60 days. (Pen. Code, § 1203.2a.)[2]

---

[2] Penal Code section 1203.2a provides: "If any defendant who has been released on probation is committed to a prison in this state for another offense, the court which released him on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he was granted probation, in the absence of the defendant, on the request of the defendant made through his counsel, or by himself in writing, if such writing is signed in the presence of the warden or superintendent of the prison in which he is confined or the duly authorized representative of the warden or superintendent, and such warden or superintendent or his representative attests both that the defendant has made and signed such request and that he states that he wishes the court to impose sentence in the case in which he was released on probation, in his absence and without his being represented by counsel. [¶] The probation officer may, upon learning of such defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his counsel, or the warden or superintendent or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him on probation. [¶] Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden, superintendent or duly authorized representative of any prison in this state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he was released on probation in his absence and without the presence of counsel to represent him, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence. [¶]

If the probationer was not previously sentenced, i.e., if imposition of sentence was suspended, the probationer is entitled to request that sentence be imposed in his absence. If the court does not then impose sentence within 30 days after the defendant has requested imposition of sentence, the court loses jurisdiction to do so.

■ "The purpose of section 1203.2a is to prevent a defendant from inadvertently being denied the benefit of Penal Code section 669 that sentences be concurrent unless the court exercises its discretion to order that a subsequent sentence be consecutive to a prior sentence. . . . By authorizing a defendant on probation who had been committed for another offense to request revocation of probation and imposition of sentence and by requiring his probation officer to notify the court of the subsequent commitment, section 1203.2a affords a procedure for requiring the court to consider imposing a concurrent sentence. It also precludes inadvertent imposition of consecutive sentences by depriving the court of further jurisdiction over the defendant in the case in which probation was granted, if it fails to act within 30 days of being informed of the relevant facts." (*In re White* (1969) 1 Cal.3d 207, 210-211 [81 Cal.Rptr. 780, 460 P.2d 980].)

Penal Code section 1381 provides an alternative procedure under which a probationer imprisoned for a subsequent offense may assert a right to prompt disposition of the earlier offense. (*Rudman* v. *Superior Court* (1973) 36 Cal.App.3d 22 [111 Cal.Rptr. 249].) It requires action to dispose of the earlier offense within 90 days after request. Section 1381, however, is not applicable to persons imprisoned out-of-state. (*People* v. *Mahan* (1980) 111 Cal.App.3d 28 [168 Cal.Rptr. 428].) There is a good reason for the restriction of section 1381 to in-state prisoners, for section 1381, unlike section 1203.2a, does not provide for waiver of personal appearance for sentencing. This state has no means to secure the production of an out-of-state prisoner for sentencing in this state within the 90 days prescribed by section 1381. Penal Code section 1389 (The Agreement on Detainers) establishes a procedure for gaining control over an out-of-state prisoner for completion of in-state proceedings, but it applies only to persons sought for trial on untried indictments, informations and complaints. (*People* v. *Castoe* (1978) 86 Cal.App.3d 484 [150 Cal.Rptr. 237].) If section 1381 were applicable to

---

Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law. [¶] In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

unsentenced probationers who are imprisoned out-of-state, the 90 days within which this state must act under section 1381 could well expire before this state could secure the return of the probationer for sentencing.

The cases applying section 1381 have held that, even though the section is silent concerning any duty to notify a defendant of pending proceedings so that he can invoke his right to prompt disposition of those proceedings, the constitutional guarantee of a speedy trial requires that such notice be given. (*In re Mugica* (1968) 69 Cal.2d 516 [72 Cal.Rptr. 645, 446 P.2d 525]; *People v. Cave* (1978) 81 Cal.App.3d 957 [147 Cal.Rptr. 371].) Where no notice is given to alert a prisoner of his right to exercise his rights under Penal Code section 1381, his failure to request prompt disposition of his case is excused, and the court is then required to determine whether his right to a speedy determination of the matter has been violated by weighing the prejudicial effect of the delay against any justification for the delay. (*People v. Cave, supra,* 81 Cal.App.3d at p. 965.)

Although section 1381 is not applicable here, the same constitutional policy of prompt disposition of criminal charges underlies Penal Code section 1203.2a. Under section 1203.2a, there is no prescribed time limit within which the probation officer and the court must act when imposition of sentence was previously suspended and there is no request for sentence, waiving personal appearance, by the probationer. There is a prescribed time limit if sentence was imposed but execution stayed. In a case where imposition of sentence was suspended, section 1203.2a permits a probationer to waive personal appearance and to request sentencing in his absence, which request initiates a 30-day period in which the court must act. (See *Hayes* v. *Superior Court, supra,* 6 Cal.3d 216.) But in order to so request, it is necessary for the probationer to know that probation revocation proceedings are pending. The same constitutional policy that requires notice to the prisoner/probationer under section 1381 requires notice to the prisoner/probationer under section 1203.2a. Since there is no prescribed time limit for the notice, the court must weigh the prejudicial effect of the delay against any justification for the delay. (See *People* v. *Cave, supra,* 81 Cal.App.3d at p. 965.)

■ Here, the probation officer failed to notify defendant at all of the pending probation revocation proceedings. Hence, defendant was deprived of the opportunity to request sentencing in his absence and the opportunity to request that the sentence run concurrently with the time he was then serving. No good reason appears for the failure to so notify defendant.

The record further shows that defendant was prejudiced by the delay. That is, when the court considered the probation revocation petition, it

imposed a two-year state prison sentence that had not previously been imposed, and it restored defendant to probation subject to the stayed prison sentence. An additional disciplinary term was imposed. Defendant was imprisoned in a California county jail while the probation revocation proceedings were processed after his release from Michigan custody. It may well be that the trial court would have made the same disposition of the matter anyway, but the unexcused delay precluded the trial court from considering any other option.

Therefore, we must hold that the trial court lost jurisdiction to act upon the petition to revoke probation filed July 2, 1985, because of the unexcused and prejudicial delay in providing notice to the defendant of such petition.

The order appealed from is reversed, and the court is ordered to dismiss the petition for revocation of probation.

Blease, Acting P. J., and Carr, J., concurred.