[No. B129746. Second Dist., Div. Six. Jan. 27, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
ELIAS SANCHEZ MADRIGAL, Defendant and Appellant.

**COUNSEL**

Alexander Lambrous, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**YEGAN, J.**—Elias Sanchez Madrigal unsuccessfully appeals from the judgment entered after the trial court revoked probation and sentenced him to five years in state prison for selling cocaine. (Health & Saf. Code, § 11352, subd. (a).) He contends that the probation department violated his speedy trial rights because it did not locate him in federal prison and timely initiate

a probation revocation so that he could move for a concurrent sentence. We affirm.

### Facts and Procedural History

On June 2, 1995, appellant entered a plea of guilty to selling cocaine. When arrested on this offense, appellant had a fraudulent "green card" which identified him as Armando Diaz Paz. Even though he was on parole for a previous sale of cocaine, the trial court granted probation on various terms and conditions, e.g., that he serve 365 days in jail, report to the Santa Barbara County Probation Department upon his release from custody, and advise the probation department ". . . of his place of residence." Other than serving the 365 days in jail, appellant never attempted to comply with any of the terms and conditions of probation. At no time after serving the 365 days in jail did he ever seek to invoke Penal Code section 1203.2a.[1]

On April 5, 1996, appellant was arrested for possessing a counterfeit immigration card and Social Security card. He was convicted in Solvang Municipal Court, Santa Barbara County, for manufacturing or selling deceptive government documents and sentenced to 190 days in jail. (§ 529.5, subd. (a).) When arrested on this offense, appellant "gave deputies various names (all fictitious) so that his true identity would not be known."

On August 3, 1996, appellant was transferred to Wasco State Prison on a state parole violation. After he was released from prison, he failed to respond to a letter from his probation officer in the instant case. On February 13, 1997, appellant's parole agent told the probation department of appellant's telephone number and address. Probation officials sent appellant a letter and twice attempted to reach him by telephone.

On March 31, 1997, the probation department petitioned to revoke appellant's probation because he had not reported to his probation officer and had suffered the section 529.5, subdivision (a) conviction. The trial court revoked probation and issued an arrest warrant.

---

[1]All further statutory references are to the Penal Code.

The first paragraph of section 1203.2a provides: "If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel."

Meanwhile, appellant was convicted of illegally reentering the United States and was sentenced to serve two years in a Texas federal prison. On October 27, 1998, he was extradited to Santa Barbara County. Appellant unsuccessfully moved to dismiss the violation of probation proceeding and reiterates this claim on appeal.

*Sua Sponte Section 1203.2a Obligation*

■ The second paragraph of section 1203.2a provides: "The probation officer may, *upon learning of the defendant's imprisonment*, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation." (Italics added.) This rule requires that a notice of probation revocation petition be given within a reasonable time after the alleged violation so that an incarcerated probationer may seek a prompt disposition of the earlier offense. (*People v. Young* (1991) 228 Cal.App.3d 171, 175 [278 Cal.Rptr. 784].) No case, however, says that the section 1203.2a duty arises where the probation department does not know of the subsequent prison term. Appellant says this rule applies when it should know of the subsequent incarceration.

In *People v. Johnson* (1987) 195 Cal.App.3d 510 [240 Cal.Rptr. 748], the defendant was convicted of grand theft in 1984 and granted probation. In 1985, a petition for revocation of probation was filed alleging that he was serving a sentence in Michigan. The trial court revoked probation and issued a warrant that was not served for a year. The probation officer failed to notify defendant even though he knew where the defendant was residing. The Court of Appeal held that the failure to give timely notice of the probation revocation proceeding was inexcusable and prejudicial. (*Id.*, at p. 516.) "[D]efendant was deprived of the opportunity to request sentencing in his absence and the opportunity to request that the sentence run concurrently with the time he was then serving." (*Id.*, at p. 515; see also *People v. Holt* (1991) 226 Cal.App.3d 962, 967-968 [277 Cal.Rptr. 323].)

Unlike *People v. Johnson*, the probation department did not know of appellant's federal incarceration. It had no way of giving appellant notice of the probation violation because appellant elected not to advise the probation department of his subsequent residences. When appellant was about to be released in Texas, the arrest warrant for violation of probation was discovered. The trial court, in denying the motion to dismiss, found that appellant "brought this on himself. I don't think they've [i.e., probation officers] got to look for somebody that doesn't want to be found, and he gave no indication

that he was interested in being found or interested in complying with probation."

Substantial evidence supports the finding that the delay was directly attributable to appellant's decision not to notify the probation department of his current residence. An absconding probationer should not benefit from a delay caused by his own actions.[2]

The claim that a records check would have revealed that he was imprisoned in Texas is without merit. The petition for violation of probation states that appellant's "use of false names, coupled with his illegal alien status, make[s] the defendant virtually untrackable . . . ." The probation report also recites: "The defendant's actions depict a sophisticated means of avoiding detection, including his use of aliases and false documentation, which allowed him to continue his criminal activities." The probation department is not required to inquire at every state and federal prison to determine the whereabouts of an absconding probationer. This is especially true where, as here, the probationer has a demonstrated penchant for the use of fake names.

### Section 1203.2a Applies Only to Subsequent Prison Commitments

Appellant complains that the petition to violate probation was filed nearly a year after he was convicted of the misdemeanor section 529.5, subdivision (a) offense. Section 1203.2a, however, applies only to probationers who are " 'committed to a prison' " following conviction on another charge. (*People v. Willett* (1993) 15 Cal.App.4th 1, 6 [18 Cal.Rptr.2d 603].) "The Legislature specifically refrained from extending the operation of section 1203.2a to probationers who are sentenced to a county jail for a subsequent offense." (*People v. Blanchard* (1996) 42 Cal.App.4th 1842, 1847 [50 Cal.Rptr.2d 614].)

### Prejudice

The argument that appellant was prejudiced by the delay assumes that the trial court would have ordered the sentence to run concurrent to the federal

---

[2]At oral argument, appellant, as he did in his briefs, argues that he was never released from custody after serving the 365 days in jail. However, we view the evidence in the light most favorable to the order denying relief. In our view, the fair and only inference is that at some point in time after serving the 365 days in jail, appellant was residing somewhere other than in a penal institution. For example, on the Solvang misdemeanor case, appellant was arrested on April 5, 1996, *at his apartment.*

Also, appellant was at liberty and not residing in a penal institution when he was convicted of illegally reentering the United States. He told the probation officer that after serving a year in prison on a parole violation, "he remained in Mexico for approximately three months and then he returned to the United States."

sentence. We cannot draw this inference as a matter of law. The federal sentence was for illegal reentry into the United States. The instant conviction was for sale of cocaine. The offenses were committed at different times and different places, and involved different objectives. It is not reasonably likely that the trial court would have ordered the state sentence to run concurrently with the federal sentence had the matter been timely brought to the superior court's attention. (Cal. Rules of Court, rule 425(a)(3); *People v. Gutierrez* (1991) 227 Cal.App.3d 1634, 1638-1640 [278 Cal.Rptr. 748].)

The judgment is affirmed.

Gilbert, P. J., and Coffee, J., concurred.