166 Cal.App.4th 922 (2008)
BRAULIO PEÑUELAS GONZALEZ, Petitioner,
v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.
No. G039755.
Court of Appeals of California, Fourth District, Division Three.
September 10, 2008.
*925 Braulio Peñuelas Gonzalez, in pro. per.; and Richard Schwartzberg, under appointment by the Court of Appeal, for Petitioner.
No appearance for Respondent.
Tony Rackauckas, District Attorney, Mitchell Keiter, Gregory J. Robischon and Anna Chinowth, Deputy District Attorneys, for Real Party in Interest.

OPINION
RYLAARSDAM, J.
Braulio Peñuelas Gonzalez, in propria persona, filed a petition for a writ of habeas corpus. We elected to treat it as a petition for writ of mandate and appointed counsel to represent him. Counsel filed a supplemental petition for writ of prohibition/mandate, after which we issued an order to show cause. The facts are undisputed.

FACTS
Petitioner is incarcerated in the state prison in Corcoran, California, pursuant to a judgment of the Los Angeles County Superior Court, case number KA066341, entered in March 2007. Petitioner previously pleaded guilty to misdemeanor violations (Veh. Code, §§ 23152, subd. (a), 12500, subd. (a); Pen. Code, §148, subd. (a); all further statutory references are to the Penal Code except as otherwise stated) in Orange County. Imposition of *926 sentence was suspended and petitioner was placed on unsupervised probation with conditions. After petitioner failed to comply with various conditions, on November 4, 2005, probation was revoked and a warrant issued. Pursuant to the warrant, on September 11, 2007, the Orange County Sheriff lodged a detainer and on September 28, 2007, the Department of Corrections and Rehabilitation, Division of Adult Operations notified defendant of the detainer.
On November 13, 2007, the Department of Corrections and Rehabilitation, Division of Adult Operations sent petitioner's section 1381 notice and demand for trial to the Orange County District Attorney, who acknowledged receipt but maintained that section 1381 does not apply to probation violations. Petitioner then wrote to the Superior Court of Orange County asking for transportation to the court pursuant to section 1381 to respond to the warrant. On December 19, 2007, the court denied the request.

DISCUSSION

1. The Issue to Be Resolved

As relevant here, portions of section 1381 provide, "Whenever a defendant has been convicted, in any court of this state, ... has been sentenced to and has entered upon a term of imprisonment in a state prison ... and has entered upon his or her term of commitment, and at the time of the entry upon the term of imprisonment or commitment there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which the matters are pending shall bring the defendant to trial or for sentencing within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment or commitment and his or her desire to be brought to trial or for sentencing.... In the event that the defendant is not brought to trial or for sentencing within the 90 days the court in which the charge or sentencing is pending shall, on motion or suggestion of the district attorney, or of the defendant ... or on its own motion, dismiss the action." (Italics added.)
The question before us is whether a probation revocation hearing is encompassed within "any criminal proceeding wherein the defendant remains to be sentenced" pursuant to section 1381. The phrase was inserted into the statute by a 1971 amendment which substituted this phrase for "charging such person with the commission of any crime it is hereby made mandatory upon." (Stats. 1971, ch. 1080, § 2, p. 2052.) Does the condition that a defendant "remains to be sentenced" apply to defendants who have been placed on *927 probation, with imposition of sentence suspended, but are awaiting a probation revocation hearing? The issue is presently before the California Supreme Court in People v. Wagner, review granted November 28, 2007, S156537, and reported cases have reached differing conclusions.

2. The Broughton Case

The most recent reported case dealing with the issue is People v. Broughton (2003) 107 Cal.App.4th 307 [133 Cal.Rptr.2d 161] (Broughton). Broughton dealt with section 1381.5, which for our purposes is identical to section 1381 except it applies to inmates in a federal penitentiary. In Broughton the defendant had violated probation, and after being incarcerated in a penitentiary, filed a motion asserting her rights under section 1381.5. When she did not receive her probation revocation hearing, she moved to dismiss the action because of failure to comply with the speedy trial requirements pursuant to section 1381.5. In a two-to-one decision the Court of Appeal affirmed the trial court's denial of the motion, holding that section 1381.5 did not apply to probationers who were awaiting a probation revocation hearing. Broughton reached this conclusion despite its recognition that "if the trial court at a sentencing hearing suspends imposition of sentence and places the defendant on probation, the defendant has not yet been sentenced." (Broughton, supra, at p. 311.)
Broughton acknowledged that several cases have held sections 1381 and 1381.5 were "applicable to probationers as to whom imposition[] of sentence was suspended because they `remain to be sentenced' in a pending criminal proceeding. [Citations.]" (Broughton, supra, 107 Cal.App.4th at p. 315, citing Rudman v. Superior Court (1973) 36 Cal.App.3d 22, 26-27 [111 Cal.Rptr. 249] (Rudman); People v. Johnson (1987) 195 Cal.App.3d 510, 514 [240 Cal.Rptr. 748], disapproved on another ground in In re Hoddinott (1996) 12 Cal.4th 992, 1005 [50 Cal.Rptr.2d 706, 911 P.2d 1381]; Boles v. Superior Court (1974) 37 Cal.App.3d 479, 484 [112 Cal.Rptr. 286].) But Broughton characterized those decisions as employing "an overly technical interpretation of sections 1381 and 1381.5 that is inconsistent with the statutes' overall language and purpose and leads to anomalous consequences." (Broughton, supra, at pp. 315-316, fn. omitted.)
The Broughton court implicitly recognized that the language of the statutes would extend the rights granted under sections 1381 and 1381.5 to a person whose imposition of sentence was suspended; after all, he or she "remains to be sentenced." But the court refused to employ the rule of statutory construction that requires that, if the plain language of the statute is unambiguous and *928 does not involve an absurdity, the plain meaning governs (People v. Garcia (2002) 28 Cal.4th 1166, 1172 [124 Cal.Rptr.2d 464, 52 P.3d 648]), because it concluded that applying a literal reading would lead to an absurd result. (Broughton, supra, 107 Cal.App.4th at p. 316.)
Broughton stated, "The requirement that a defendant be brought to court `for sentencing' does not usually connote an appearance for a probation revocation hearing at which the court may find no violation occurred or, notwithstanding a violation, may continue probation on the same or modified terms. In fact, a defendant who has been placed on probation has already been brought before the court `for sentencing,' fulfilling the mandate of the statute, although imposition of sentence has been suspended with the grant of probation. If the purpose of section 1381.5 were to ensure a prompt probation revocation hearing, moreover, there would be no need to distinguish between probationers for whom execution of sentence was suspended and those for whom imposition of sentence was suspended, nor would there be any reason to require dismissal of the entire action, rather than simply the probation violation charge, as the sanction for violation of the statute's time requirements." (Broughton, supra, 107 Cal.App.4th at p. 317.)
Broughton further concluded that "[i]f sections 1381 and 1381.5 were to apply to probation revocation hearings, the `action,' not the pending proceeding, must be dismissed if the defendant is not brought to the hearing in the manner prescribed by those sections." (Broughton, supra, 107 Cal.App.4th at p. 317.) The court criticized Rudman, supra, 36 Cal.App.3d at pages 27-28, stating that "the court simply ignored the express statutory command to dismiss `the action' and, without any analysis or explanation, directed the trial court to dismiss only the probation violation charge. [Citation.]" (Broughton, supra, at p. 317.) But in our opinion, theRudman solution, dismissal of the alleged probation violation, not of the action in which probation was originally granted, is a reasonable resolution of this dilemma.
Broughton recognized that sections 1381.5 and 1381 are codifications of the incarcerated defendant's constitutional right to a speedy trial. (Broughton, supra, 107 Cal.App.4th at p. 318, citing Barker v. Municipal Court (1966) 64 Cal.2d 806, 813 [51 Cal.Rptr. 921, 415 P.2d 809].) Broughton also acknowledged that "[t]he fundamental policies advanced by speedy trial statutes such as section 1381.5 [and, by implication, section 1381]avoiding prolonged imprisonment, limiting anxiety attendant to an unresolved criminal charge, reducing the effect of lapse of time on trial witnesses and providing the opportunity for imposition of concurrent sentenceapply to defendants who have not been afforded a sentencing hearing, as well as to defendants who *929 have not yet been tried. [Citation.]" (Broughton, supra, at p. 319.) But the case went on to state, "Those policies are not similarly implicated, however, by the timing of a sentencing hearing following revocation of probation for a probationer whose case has been prosecuted to a conviction and who accepted probation at a timely sentencing hearing in lieu of speedy imposition of sentence." (Id. at pp. 319-320, fn. omitted.) We cannot agree with the latter statement. Incarcerated defendants facing allegations of having violated the conditions of their probation have exactly the same interest in "avoiding prolonged imprisonment, limiting anxiety attendant to an unresolved criminal charge, reducing the effect of lapse of time on trial witnesses and providing the opportunity for imposition of concurrent sentence." (Id. at p. 319.)
Broughton's final point is that there is an alternative statute that may be invoked by an incarcerated defendant with charges of probation violation pending: section 1203.2a. "Pursuant to section 1203.2a, a defendant who has been placed on probation and is thereafter incarcerated for another offense may request imposition of sentence or some other final order terminating the probationary court's jurisdiction." (Broughton, supra, 107 Cal.App.4th at p. 320, fn. omitted, citing In re Hoddinott, supra, 12 Cal.4th at p. 1000.) As the court noted, however, Rudman, supra, 36 Cal.App.3d at page 27 held that sections 1381.5 and 1203.2a "do not conflict" and that "an `unsentenced probationer'" has the benefit of both statutes. (Broughton, supra, at p. 320.) Furthermore, section 1203.2a merely gives the court that issued the probation order authority to impose sentence, without a requirement that the defendant be present. Thus incarcerated probationers, in effect, must admit the truth of the alleged probation violations to invoke the court's power; under section 1203.2a they lose the right to contest the violations.
The Broughton dissent starts by "compliment[ing] the majority for a sophisticated, indeed intricate, opinion explaining why the Legislature did not mean what it said in the statute at issue." (Broughton, supra, 107 Cal.App.4th at p. 324 (dis. opn. of Johnson, J.).) We echo the compliment. It continues, "The issue is rather simple. Does the clause `any criminal proceeding wherein the defendant remains to be sentenced' include probationers who have yet to receive a term of confinement for an alleged probation violation?" (Ibid., fn. omitted.) The dissent answers this question in the affirmative. (Id. at p. 324.)
The dissent disagrees with the majority that a person on probation has already been sentenced; it notes that section 1203.2a "speaks of defendants being `released on probation' not as `sentenced to probation.' It further distinguishes the status of being on probation from receiving a sentence in defining the class of defendants and situations to which its provisions apply *930 as those where `no sentence has previously been imposed for the offense for which he or she was granted probation....'" (Broughton, supra, 107 Cal.App.4th at p. 325 (dis. opn. of Johnson, J.).) From this it concludes that "a release on probation is not a sentence." (Ibid.)
The dissent also points out that the incarcerated probationer has the same interest as other defendants with pending criminal proceedings in "`avoiding prolonged imprisonment, limiting anxiety attendant to an unresolved criminal charge, reducing the effect of lapse of time on trial witnesses, and providing the opportunity for imposition of concurrent sentence.' [Citation.]" (Broughton, supra, 107 Cal.App.4th at p. 326 (dis. opn. of Johnson, J.).) And, finally, it notes that the remedy afforded by section 1203.2a requires the incarcerated probationer to forgo the opportunity to contest the alleged violation of the conditions of probation. (Id. at pp. 326-327.)

3. The Pre-Broughton Cases

As alluded to above, four earlier cases reached a result contrary to Broughton: People v. Johnson, supra, 195 Cal.App.3d 510; People v. Ruster (1974) 40 Cal.App.3d 865 [115 Cal.Rptr. 572], disapproved on other grounds in In re Hoddinott, supra, 12 Cal.4th at p. 1005; Boles v. Superior Court, supra, 37 Cal.App.3d 479; and Rudman, supra, 36 Cal.App.3d 22. We will briefly review these cases.
Rudman, the earliest of these cases, involved facts identical to those presented here. The defendant was on probation in Orange County with proceedings suspended without imposition of a sentence. After he was charged with a probation violation, he was arrested in Los Angeles County and subsequently incarcerated. Because he did not appear for his probation violation hearing in Orange County, probation was revoked and a warrant was issued that thereafter lodged with the state prison as a detainer. The defendant then notified the Orange County Superior Court and District Attorney of his incarceration and sent a demand for hearing and trial under section 1381. The demand was unheeded and after the Orange County Superior Court denied the defendant's motion to dismiss the action pending there, the defendant filed a petition for prohibition or mandate.
In granting the petition and ordering set aside of the order revoking probation, not the action in which probation had been granted, the Court of Appeal dealt with the argument that an incarcerated probationer's relief is limited to that provided under section 1203.2a. It held that the defendant "has the option as to which procedure he wishes to follow. Under section 1381, he *931 may demand sentencing at which he may appear and defend, in person and with counsel. Under the provisions of section 1203.2a, he may choose to waive his right to be present and represented by counsel and allow the court to impose sentence in his absence and without his being represented by counsel." (Rudman, supra, 36 Cal.App.3d at p. 27.)
Ruster did not directly involve sections 1381 or 1381.5 but dealt with the defendant's right to be sentenced under section 1203.2a. It contained a dictum to the effect that "the failure of the trial court timely to comply with a proper notice and request made under section 1381 may also deprive it of jurisdiction." (People v. Ruster, supra, 40 Cal.App.3d at p. 871.) But, although holding that the provisions of neither section 1203.2a or 1381 were met, the court stated that, "[h]ad defendant's letter ... complied with section 1381 so as to start the 90-day period running as of the date of its delivery, the trial court would have had no alternative at the revocation hearing than to dismiss the action since the 90 days had run...." (People v. Ruster, supra, 40 Cal.App.3d at pp. 872-873.) Be it by way of dictum, the Ruster court thus also recognized that an incarcerated probationer is entitled to the speedy resolution of a probation violation under section 1381.
In Boles the Court of Appeal held that where a probationer had been sentenced, with sentence suspended while he was on probation, section 1381 did not apply. The court drew the distinction between a situation such as in this case, where imposition of sentence was suspended, and the case before it. It noted that, where the court has already sentenced the defendant, "it no longer has the power to specify whether the sentence shall be concurrent with that imposed by the second court. It is the absence of concurrent sentencing power on the part of the first court which supplies the reason for not making the request procedure available to a probationer upon whom sentence has already been pronounced." (Boles v. Superior Court, supra, 37 Cal.App.3d at p. 484.) Again though, the court did not question that section 1381 would apply where, as here, imposition of sentence was suspended when the defendant was placed on probation.
Finally, Johnson also dealt with section 1203.2a and held that the failure of the probation officer to notify the court of the probationer's new commitment, as required under that section, caused the trial court to lose jurisdiction to act on a petition to revoke probation. But the court did discuss section 1381 as "an alternative procedure under which a probationer imprisoned for a subsequent offense may assert a right to prompt disposition of the earlier offense. [Citation.]" (People v. Johnson, supra, 195 Cal.App.3d at p. 514.)

*932 4. Meaning of "Action" in Section 1381

(1) Under section 683, a criminal action is a proceeding in which a party is charged with a public offense, brought to trial, and punished. A public offense, in turn, is a violation of law, which, upon conviction, results in punishment of death, imprisonment, fine, or removal from or disqualification to hold office. (§ 15.) Broughton was correct when it concluded a probation revocation hearing does not constitute an "action" as defined in the Penal Code, because the result of the revocation hearing is not "punishment" for the probation violation. Rather, when probation is revoked, punishment, if any, is imposed for conviction of the underlying public offense. (2) We also agree with the Broughton court's conclusion that "an overly technical interpretation of section[] 1381 ... leads to anomalous consequences." (Broughton, supra, 107 Cal.App.4th at pp. 315-316.)
But in our view Broughton accorded an "overly technical interpretation" to the word "action," thereby leading it to adopt a strained construction of the phrase, "remains to be sentenced." In effect, it added the words "in an initial sentencing hearing" to section 1381, changing the meaning of the phrase "remains to be sentenced" to "remains to be sentenced in an initial sentencing hearing." (Broughton, supra, 107 Cal.App.4th at pp. 316-317.)
(3) It is a cardinal rule of statutory construction that a court must not "insert what has been omitted." (Code Civ. Proc., § 1858.) "[W]here there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." (Ibid.) (4) Here, section 1381 applies to circumstances, where, among other things, at the time of a defendant's entry upon a term of imprisonment "there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced." A proceeding initiated by an indictment, information, or complaint is plainly a criminal "action." "[A]ny criminal proceeding wherein the defendant remains to be sentenced" is not so clearly a criminal "action" as technically defined. But it does less violence to the language to interpret the word "action" in the context of the statute as including a "criminal proceeding wherein the defendant remains to be sentenced," than does the Broughton solution, which requires adding words to the statute. The "action" in this context is simply any criminal proceeding listed in the statute that requires a hearing or trial. Thus, where section 1381 provides for dismissal of the "action" if a defendant is not timely brought to trial on a petition to revoke probation, the "action" to be dismissed is the petition to revoke probation, not the underlying offense for which there has already been a conviction.

*933 5. Conclusions

(5) "The purpose of section 1381 `is to permit a defendant to obtain concurrent sentencing at the hands of the court in which the earlier proceeding is pending, if such is the court's discretion.'" (People v. Boggs (1985) 166 Cal.App.3d 851, 855 [212 Cal.Rptr. 683].) We disagree with Broughton because the speedy trial policies underlying section 1381 apply with equal force to incarcerated probationers who have not yet been sentenced. As the dissent in Broughton noted, the incarcerated probationer has the same interest as other defendants with pending criminal proceedings in "`avoiding prolonged imprisonment, limiting anxiety attendant to an unresolved criminal charge, reducing the effect of lapse of time on trial witnesses, and providing the opportunity for imposition of concurrent sentence.' [Citation.]" (Broughton, supra, 107 Cal.App.4th at p. 326 (dis. opn. of Johnson, J.).)
(6) And there is no conflict between section 1381 and section 1203.2a. We agree with Rudman that the incarcerated probationer has the option as to which procedure he wishes to follow. Under section 1381, he may demand sentencing at which he may appear and defend, in person and with counsel. "Under the provisions of section 1203.2a, he may choose to waive his right to be present and represented by counsel and allow the court to impose sentence in his absence and without his being represented by counsel." (Rudman, supra, 36 Cal.App.3d at p. 27.)
(7) We also disagree with the Broughton court's conclusion that application of section 1381.5 (and hence, § 1381) would require dismissal of the underlying action if the court failed to comply with the statute's requirements, which would be an absurd result. But, as discussed above, we believe a reasonable definition of the word "action" in section 1381 would require a dismissal of the probation violation proceedings rather than the original conviction upon which probation was granted as occurred in Rudman.
(8) Further, we agree with Boles that a defendant who is placed on probation with imposition of sentence suspended has not been sentenced and that a literal reading of section 1381 requires us to hold it is applicable to the incarcerated probationer. (9) We are mindful of the requirement that, "[w]here, as here, legislative intent is expressed in unambiguous terms, we must treat the statutory language as conclusive; `no resort to extrinsic aids is necessary or proper.' [Citation.]" (Equilon Enterprises v. Consumer Cause, Inc. (2002) 29 Cal.4th 53, 61 [124 Cal.Rptr.2d 507, 52 P.3d 685].) The language of section 1381 "remains to be sentenced," applies to defendant. Hence, the statute governs here.

*934 DISPOSITION
The petition for writ of mandate is granted. We direct the trial court to vacate its November 4, 2005, order revoking probation, to recall its warrant forthwith, and to direct the Orange County Sheriff to recall the detainer lodged with the Department of Corrections and Rehabilitation, Division of Adult Operations forthwith. This decision will be final five days after the opinion has been filed.
Sills, P. J., and Ikola, J., concurred.