**Dock MCNEELY, Plaintiff–Appellant,**

v.

**COUNTY OF SACRAMENTO; et al., Defendants–Appellees.**

**No. 08–15615.**

United States Court of Appeals, Ninth Circuit.

by 9th Cir. R. 36–3.

Submitted July 16, 2009.*

Filed Aug. 26, 2009.

Gregory M. Garrison, Esquire, Garrison & McInnis LLP, San Diego, CA, for Plaintiff–Appellant.

Terence J. Cassidy, Kristina M. Hall, Esquire, John R. Whitefleet, Jackson Lewis LLP, Sacramento, CA, David K. Huskey, Esquire, Senior Deputy County Counsel, Auburn, CA, for Defendants–Appellees.

Before: SILVERMAN, CLIFTON, and M. SMITH, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM [**]

Dock McNeely appeals the district court's grant of summary judgment in favor of the Sacramento County defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, review de novo, *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir.2001), and affirm.

Before the district court, McNeely argued that the Sacramento County defendants should not have detained McNeely based upon the Placer County warrant, but he has not pursued that argument on appeal, so it is waived. The claim that the sheriff violated McNeely's constitutional rights by acting pursuant to a facially valid warrant and court order fails, in any event, as "[l]aw enforcement officers are entitled to qualified immunity if they act reasonably under the circumstances, even if the actions result in a constitutional violation." *Ramirez v. Butte–Silver Bow County*, 298 F.3d 1022, 1027 (9th Cir.2002). Faithful execution of a facially valid warrant and court order cannot be characterized as unreasonable.

On appeal, McNeely asserts a *Monell*[1] claim couched in terms of the sheriff's alleged failure to notify him of "adverse legal actions." However, he failed to plead this claim or anything like it in either of his complaints. This claim was presented for the first time as an argument in opposition to the county's motion for summary judgment. It is not mentioned in the complaint, nor did he seek to amend his complaint. *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1079–80 (9th Cir.2008) (en banc), *cert. denied*, —— U.S. ——, 129 S.Ct. 2763, 174 L.Ed.2d 270 (2009).

Furthermore, even considering that claim on the merits, McNeely still would not prevail. *See Mabe*, 237 F.3d at 1110–11. The court informed McNeely of Placer County's petition to revoke his probation almost three years before he was released from Sacramento County's custody and transferred to Placer County. Indeed, he initiated proceedings to challenge the revocation petition over a year before that transfer. The alleged failure of the Sacramento County defendants to advise McNeely did not therefore cause his continued detention. It appears unlikely that the Sacramento County defendants had a duty to inform McNeely of the status of detainers and arrest warrants from other jurisdictions (*see People v. Madrigal*, 77 Cal.App.4th 1050, 92 Cal.Rptr.2d 205, 206–07 (2000)); *Smith v. Superior Court*, 159 Cal.App.3d 1172, 206 Cal.Rptr. 282, 284 & n. 2 (1984); *see also* Cal.Penal Code § 1203.2a, but McNeely cannot in any event show "a direct causal link" between their failure to so inform him and "the alleged constitutional deprivation." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007) (internal quotation marks omitted); *see also id.* at 667–68 noting that to succeed on a *Monell* claim, a plaintiff must establish that the county's policy was "the *moving force* behind the alleged constitutional violation" (emphasis added). He had already been made aware of the Placer County revocation action, and it was his responsibility to stay informed about that action.

AFFIRMED.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).